**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

LORRAINE MARIE SWIERK,          :      CIVIL ACTION
                               :
           Plaintiff,         :
                               :
           v.                :      No. 14-6041
                               :
THE TJX COMPAINES, INC. and    :
MARMAXX OPERATIN CORP.,      :
                               :
           Defendants.     :
_____:

**Goldberg, J.**                                            **August 4, 2016**

## Memorandum Opinion

Plaintiff Lorraine Swierk alleges that she was injured after falling in a restroom at a TJ Maxx retail store owned and operated by Defendants. Presently before me is Defendants' motion for summary judgment. Plaintiff failed to respond to Defendant's motion. For the reasons that follow, I will grant Defendants' motion.

## I.    FACTUAL RECORD[1] AND PROCEDURAL BACKGROUND

In her deposition, Plaintiff testified that on May 4, 2013 she fell in a restroom at a TJ Maxx store. She explained that she slipped on liquid spilled on the restroom floor but that she did not know what the liquid was, how long it had been on the floor, or how it got there. (Defs.' Mot., Ex. C, Dep. of Lorraine Marie Swierk 25:4-6, 30:7-12.)

Plaintiff initiated this action by filing a complaint in the Court of Common Pleas of Philadelphia County, asserting a single claim of negligence. Defendants subsequently removed

_____

[1] In support of their motion for summary judgment, Defendants submitted Plaintiff's Complaint, their answer thereto and the transcript of Plaintiff's deposition. As noted above, Plaintiff has failed to respond to Defendants' motion for summary judgment or offer any additional evidence. Nonetheless, I will review the record as it stands in the light most favorable to Plaintiff and determine if there is a genuine issue as to any material fact.

the action to federal court on October 23, 2014. On July 13, 2015, an arbitration award was entered and, on August 4, 2015, Plaintiff filed a motion for a trial de novo.

On September 8, 2015, Plaintiff's counsel filed a motion to withdraw his appearance. Despite being ordered to attend, Plaintiff failed to appear at the hearing held on September 20, 2015 regarding her counsel's request to withdraw. At the hearing, I determined that Plaintiff's counsel demonstrated good cause to warrant his request to withdraw and granted his motion.

A status conference was then scheduled for October 29, 2015 to discuss whether Plaintiff intended to proceed with this matter. Plaintiff appeared at the status conference and informed the Court of her intention to proceed.[2]

Subsequently, Defendants filed the instant motion for summary judgment and Plaintiff has not filed a response thereto.[3]

---

[2] At this conference, Plaintiff provided the Court with her mailing address.

[3] The October 29, 2015 Scheduling Order set the date for filing motions for summary judgment as January 13, 2016. Defendants filed their motion for summary judgment on March 15, 2016. Untimely motions must be filed in accordance with Rule 6(b)(1)(B) which requires a party to make a motion for extension of time and "the district court [to] make a finding of excusable neglect." Drippe v. Tobelinski, 604 F.3d 778, 785 (3d Cir. 2010). As such, on May 2, 2016, I ordered Defendants to submit a letter brief explaining why their late filing was a product of excusable neglect.

In their submission, Defendants accurately noted that "[b]etween October 2015 - January 2016, there was a period of flux during which it was unclear whether plaintiff would proceed with this case pro se or retain new counsel." Defendants explained that, while they intended to a file a motion for summary judgment, they refrained from doing so in this time period given the uncertainty as to whether Plaintiff would be retaining counsel. On January 21, 2016, Defendants requested an extension of the scheduling deadlines given the lapse of time. In response, I vacated the October 29, 2015 Scheduling Order. The new Scheduling Order I entered on January 26, 2016 did not include a deadline for dispositive motions.

I agree with Defendants that the technical effect of the January 26, 2016 Order was to vacate all deadlines set forth in the October 29, 2015 Order. As such, contrary to my May 2, 2016 Order, Defendants motion was not untimely.

II.   **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A dispute is "genuine" if there is a sufficient evidentiary basis on which a reasonable jury could return a verdict for the non-moving party, and a factual dispute is "material" if it might affect the outcome of the case under governing law. Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The court must view the evidence in the light most favorable to the non-moving party. Galena v. Leone, 638 F.3d 186, 196 (3d Cir. 2011). However, "unsupported assertions, conclusory allegations or mere suspicions" are insufficient to overcome a motion for summary judgment. Schaar v. Lehigh Valley Health Servs., Inc., 732 F. Supp. 2d 490, 493 (E.D. Pa. 2010) (citing Williams v. Borough of W. Chester, 891 F.2d 458, 461 (3d Cir. 1989)).

The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial Celotex burden can be met by showing that the non-moving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case." Id. at 322.

After the moving party has met its initial burden, summary judgment is appropriate if the non-moving party fails to rebut the moving party's claim by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information,

---

Regardless of the timeliness question, Plaintiff has had more than ample opportunity to respond to the motion for summary judgment as well as Defendant's submission regarding the Rule 6(b)(1)(B) issue. She, however, has failed to take any action.

affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials"
that show a genuine issue of material fact or by "showing that the materials cited do not establish
the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(A).

## III.    DISCUSSION

To establish negligence under Pennsylvania law, a plaintiff must show: (1) a duty on
behalf of the defendant to conform to a certain standard of conduct to protect others against
unreasonable risks; (2) breach of that duty; (3) a causal connection between the breach and the
injury suffered; and (4) actual damage caused as a result. R.W. v. Manzek, 888 A.2d 740, 746
(Pa. 2005).

A possessor of land owes business invitees the highest duty of care. Gutteridge v. A.P.
Green Servs., Inc., 804 A.2d 643, 656 (Pa. Super. 2002). The possessor is subject to liability for
"physical harm caused to his invitees by a condition on the land," but only if, he:

(a) knows or by the exercise of reasonable care would discover the condition, and
should realize that it involves an unreasonable risk of harm to such invitees,
and

(b) should expect that they will not discover or realize the danger, or will fail to
protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

Id.

"[T]he mere existence of a harmful condition in a public place of business, or the mere
happening of an accident due to such a condition is neither, in and of itself, evidence of a breach
of the proprietor's duty of care to his invitees, nor raises a presumption of negligence." Moultrey
v. Great A. & P. Tea Co., 422 A.2d 593, 596 (Pa. Super. 1980).  As such, the invitee "must show
that the proprietor knew, or in the exercise of reasonable care should have known, of the
existence of the harmful condition. [Additionally, the invitee must prove] either that the store

4

owner helped to create the harmful condition, or that it had actual or constructive notice of the condition." <u>Zito v. Merit Outlet Stores</u>, 647 A.2d 573, 575 (Pa. Super. 1994).

Defendants urge that the record contains no evidence that Defendants or their employees caused or had actual or constructive knowledge of the condition of the bathroom floor. I agree. At her deposition, Plaintiff testified that she did not know how the liquid ended up on the bathroom floor. (Swierk Dep. 30:7-8.) That non-probative testimony is the only evidence in the record regarding how the liquid came to be on the floor.

Absent evidence that Defendants' conduct caused the condition, Plaintiff must demonstrate that Defendant had notice of the condition sufficient to provide an opportunity to remedy it. The mere existence of a dangerous condition can establish constructive notice if "the defect is of a type with an inherently sustained duration, as opposed to a transitory spill which could have occurred an instant before the accident[.]" <u>Neve v. Insalaco's</u>, 771 A.2d 786, 791 (Pa. Super. 2001). Where, as in this case, the dangerous condition is a spill, Plaintiff must "point to evidence that would allow the jury to infer that the [substance] was on [Defendants'] floor long enough so that it would have been discovered with the exercise of reasonable care." <u>Saldana v. Kmart Corp.</u>, 260 F.3d 228, 232 (3d Cir. 2001).

Plaintiff testified that she did not know how long the liquid was on the floor. (Swierk Dep. 30:9-12.). There is no other evidence in the record regarding how long the liquid had been on the floor prior to Plaintiff entering the restroom.  As such, there are simply no facts of record to establish how or when the substance appeared on the floor. Accordingly, no reasonable finder of fact could conclude that Defendants had notice of the spill prior to Plaintiff's alleged accident. Therefore, Defendants' motion for summary judgment will be granted.

## IV.     CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment will be granted.

An appropriate Order follows.